**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

**AUG 1 8 2021**

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JESSICA SMITH and DENNA HENDRIX,**  **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                             No. 4:21-cv-733-KGB

**SALEM PLACE NURSING AND**                                **DEFENDANT**
**REHABILITATION CENTER, INC.**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Jessica Smith and Denna Hendrix (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant Salem Place Nursing and Rehabilitation Center, Inc. ("Defendant"), they state and allege as follows:

**I.     PRELIMINARY STATEMENTS**

1.     This is a collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

This case assigned to District Judge Baker
and to Magistrate Judge Ray

2.     Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Jessica Smith ("Smith") is an individual and resident of Stone County.

7. Plaintiff Denna Hendrix ("Hendrix") is an individual and resident of White County.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service is Kirkman T. Doughery at 5000 Rogers Avenue, Suite 500, Fort Smith, Arkansas 72903.

10. Defendant maintains a website at https://www.salemplacerehab.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant owns and operates a nursing and rehabilitation facility in Conway.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed Plaintiffs as Nurses in their nursing and rehabilitation facility and paid them an hourly wage.

18. Plaintiff Smith was employed from July of 2020 to February of 2021.

19. Plaintiff Hendrix was employed from February of 2020 to February of 2021.

20. Defendant also employed other hourly-paid Nurses within the three years preceding the filing of this lawsuit.

21. Defendant directly hired Plaintiffs and other Nurses, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. At all relevant times herein, Defendant directly hired Plaintiffs and other Nurses to work on its behalf, paid them wages and benefits, controlled their work

schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiffs regularly worked over forty hours in a week.

24. Upon information and belief, other Nurses also regularly or occasionally worked over forty hours in a week.

25. Defendant failed to pay Plaintiffs an overtime premium for all hours worked over 40 each week.

26. Upon information and belief, Defendant also failed to pay other Nurses an overtime premium for all hours worked over forty each week. (Some overtime premiums were paid, but not for all hours over 40 each week.)

27. In addition to their hourly wages, Plaintiffs regularly received bonuses.

28. Specifically, Plaintiffs received $500 bonuses each 6 months of continued employment.

29. The bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiffs expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

30. Upon information and belief, all or most Nurses received bonuses.

31. Defendant informs Nurses of the bonuses upon hiring because the bonuses are part of Defendant's compensation package. Nurses expect to receive the bonuses.

32. Defendant did not include the bonuses that were paid to Plaintiff and other Nurses in their regular rates when calculating their overtime pay even though Plaintiff and other Nurses received bonuses in pay periods in which they also worked in excess of forty hours per week.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Nurses, in their regular rate when calculating their overtime pay.

35. Upon information and belief, Defendant's pay practices were the same for all Nurses who received bonuses.

36. At all relevant times herein, Defendant has deprived Plaintiffs and other Nurses of sufficient overtime compensation for all hours worked.

37. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

40. Plaintiffs propose the following collective under the FLSA:

**All hourly Nurses who worked over 40 hours
in any week within the past three years.**

41. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

42. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

43. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

    C. They received bonuses; and

    D. They were subject to Defendant's common policy of failing to pay a sufficient overtime premium for hours worked over forty each week.

44. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds ten persons.

45. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

46. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

47. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

48. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

49. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

53. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

59. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

70. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

72. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendant classified Plaintiffs as nonexempt from the requirements of AMWA.

75. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

76. Defendant knew or should have known that its practices violated the AMWA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jessica Smith and Denna Hendrix, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.  Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JESSICA SMITH and DENNA HENDRIX, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com